UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20979

WILLIAM GARCIA ECHAVARRIA,

    Plaintiff,

vs.

THE BOSS CLEANING SERVICE INC and
DICKSON HEREDERO,

    Defendants.
_____/

## COMPLAINT

Plaintiff, William Garcia Echavarria, sues Defendants, The Boss Cleaning Service Inc and Dickson Heredero, as follows:

*Parties, Jurisdiction, and Venue*

1.  **Plaintiff, William Garcia Echavarria**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. Plaintiff consents to participate in this lawsuit. [DE 1-1.]

2.  **Defendant, The Boss Cleaning Service Inc**, is a Florida for-profit corporation that conducts its for-profit cleaning business in Florida, and it is *sui juris*. It maintains it office and principal place of business here, in Miami-Dade County, Florida.

3.  **Defendant, Dickson Heredero**, was and is the president, owner, and operator of the corporate Defendant, for the relevant time period. He ran its day-to-day operations, had

1

supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in Miami-Dade County, Florida.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

5. This Court has jurisdiction over Plaintiff's FLSA claims and supplemental jurisdiction over Plaintiff's related state law claims.

6. Venue is proper in this Court pursuant because Defendants transact business in District, they maintain their office and principal place of business in this District, and also because Defendants employed Plaintiff in this District, with most of the actions complained of occurring within Miami-Dade County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their cleaning of restaurants and other facilities while using chemicals, detergents, cleaning supplies, sprays, brushes, mops, brooms, sponges, machinery, appliances, telephones, computers, computer networking equipment, computer software, pens, paper, goods and materials that also have moved through interstate commerce.

9. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida

2

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of regularly utilizing chemicals, detergents, cleaning supplies, brooms, mops, sponges, sprays, equipment, telephone lines, materials and supplies that also traveled through interstate commerce prior to his use of same.

13. Plaintiff worked for Defendants from October 2015 to January 15, 2016 while performing non-exempt tasks – in particular performing deep cleaning at "Batch Gastropub" restaurant.

14. Plaintiff worked approximately 49 hours per week for the Defendants by working approximately 7 hours per day for 7 days each week.

15. In exchange for the work performed by Plaintiff, Defendants paid him a salary of $250.00 per week.

16. Defendants, however, failed and refused to pay Plaintiff any wages for the time period of January 9-15, 2016.

17. Although Plaintiff worked overtime during this period, Defendants also failed to pay overtime to him.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

18. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

20. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage of $7.25 per hour for all of the hours that he worked.

21. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

22. Plaintiff is entitled to a back pay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff William Garcia Echavarria, demands the entry of a judgment in her favor and against Defendants, The Boss Cleaning Service Inc and Dickson Heredero, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for all work he performed for the Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

4

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

    c.  That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    d.  Such other and further relief as the Court deems just and proper.

## COUNT II –FLSA OVERTIME CLAIM

Plaintiff reincorporates and re-allege paragraphs 1 through 19 as though set forth fully herein and further allege as follows:

23. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate for all hours worked over 40 hours in a given workweek.

24. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours she worked during the relevant time period.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff believe that Defendants were not required to pay an overtime wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

26. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff William Garcia Echavarria, demands the entry of a judgment in her favor and against Defendants, The Boss Cleaning Service Inc and Dickson Heredero, jointly and severally, after trial by jury and as follows:

5

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work he performed for the Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

c. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

d. All interest allowed by law; and

e. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of March, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:305.230.4884
Fax:305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com